STEVENS & RUBLEE *v.* EMERSON STORY.

*Husband and Wife. Agency.*

The defendant's wife after having separated and while living apart from her husband and being previously unknown to the plaintiffs, and never having before made purchases for him or on his account, purchased a bill of goods of the plaintiffs without the knowledge of her husband, saying that he was sick and would call on a day named and pay for them. The goods were not taken to the defendant and it did not appear what became of them, nor that they were necessary for her reasonable comfort and support, and the defendant was in no immediate want of the goods, but they were reasonable in view of the defendant's circumstances and the ordinary wants of his family. The defendant had given no notice not to trust his wife. *Held* that it was a case of unauthorized trading by the wife with parties who had no right or reason recognized by the law for furnishing her goods on the credit of the husband.

ASSUMPSIT to recover for certain goods. Plea, general issue, and trial by the court, Sept. term, 1870, WILSON, J., presiding.

It appeared that at the date of plaintiffs' claim, defendant's wife called at plaintiffs' store and said to plaintiff Rublee she wanted to purchase the bill of goods in question upon the credit of her husband the defendant. The said Rublee was not acquainted with defendant's wife. She stated to Rublee that she was the defendant's wife and showed him a marriage certificate purporting to show that fact. She told Rublee her husband was then sick, but would come to St. Albans the then next Tuesday and pay for the goods she then desired to purchase. Rublee inquired of the

plaintiff Stevens as to whether the defendant was responsible, who told Rublee that Story was good for the amount she wanted to purchase, but was slow in making payment. Defendant had previously purchased goods of the plaintiff on credit. The goods were delivered to her for her husband as per bill, and no part of the amount has ever been paid. The plaintiffs, a short time after the bill was made, called on the defendant for payment; he refused to pay the bill, saying he did not authorize his wife to purchase the goods and that they were living separate and apart at the date of the bill. · In relation to this matter the court found the following facts:

Defendant and his wife about two weeks prior to the time said account accrued had a quarrel between themselves in which both were to blame. The defendant assaulted his wife and told her to leave his house, saying to her he would no longer live with her and support her. She did leave his house, and said at the time she would not live with him. About two weeks after they separated as above, she obtained said goods, and within a day or two after she went back to defendant's house. Defendant told her she could live at his house ; that he would furnish provisions for her and she could cook them, but he also told her that he should not allow her to cook for him, and that he would not cohabit with her. She did not accept defendant's offer but left his house. At the time she left she took from his wallet five dollars in money and she had of her own money fifty dollars which she earned before her marriage. She had a child about one year old at the time she and defendant separated, which was born before she married the defendant. Defendant has furnished no support for his wife since they separated, about the 1st of April, 1868, and they have not cohabited since that time. No part of the goods was carried to defendant's house and there was no evidence in the case tending to show what disposition she made of the goods after she carried them from plaintiffs' store. Defendant was in no immediate want of the goods so purchased, but they were such as are usually purchased for family use, and the amount so purchased was reasonable in view of the defendant's pecuniary circumstances and the ordinary wants of his family. It appeared that the plaintiffs had no knowledge or information at the time of the sale or delivery of the goods, nor until defendant refused to pay the bill, that defendant and his wife had separated ; or that there had been or was any misunderstanding between them, or that she was living separate from her husband. The defendant prior to the making

of said bill gave no notice to any one not to trust his wife or not to deliver goods to her on his credit. The plaintiffs exercised ordinary care in the sale and delivery of the goods under the circumstances. Defendant's wife made said purchase without any knowledge on his part that she intended to make it.

Upon the foregoing facts the county court decided that defendant was liable and rendered judgment for the plaintiffs to recover the sum of $——, the amount of the bill with interest, and their costs. Exceptions by the defendant.

*M. Buck*, for the defendant, cited *Blowers* v. *Sturtevant*, 4 Denio, 46; *Norcross* v. *Rodgers*, 30 Vt., 588; Story on Contracts, §§ 97 and 107.

————————, for the plaintiffs, cited *Brown* v. *Mudgett*, 40 Vt., 69; *Frost* v. *Willis*, 13 Vt., 202; *Keller* v. *Phillips*, 39 N. Y., 351.

The opinion of the court was delivered by

BARRETT, J. The case shows that the purchase of the goods of the plaintiffs by the defendant's wife was the first instance of her making a purchase of the plaintiffs or of any body else, and that she was unknown to the plaintiffs till she announced herself on that occasion and produced a marriage certificate to show that she was wife of the defendant. She was not, therefore, clothed with any agency for her husband by virtue of any implication arising from her having made such purchases in his name and on his credit prior to that purchase. The defendant and his wife had separated and were not living together when the goods were purchased of the plaintiffs. So there was no implied agency from the fact of cohabitation. It is not shown that the goods so purchased were necessary for her reasonable comfort and support. There is therefore no ground for the agency which the law confers in spite of the husband. " The defendant was in no immediate want of the goods so purchased." " No part of them was carried to the defendant's house, and there was no evidence tending to show what disposition she made of the goods after she carried them from the store." So there was no actual or implied ratification

Woodward et al. *v.* Barnes.

of the purchase on the part of the defendant. She commenced her negotiation for the goods by a falsehood as to her husband, that he was sick, but would come to St. Albans the next Tuesday and pay for them. His wife never before having made purchases in her husband's name and on his credit, there was no occasion for him to forbid the plaintiffs or any body else from trading with her on his credit. It seems to us therefore to be a clear case of unauthorized trading by the wife with parties who had no right or reason recognized by the law for furnishing her goods on the credit of the defendant.

Judgment reversed and judgment rendered for the defendant.

